


FILED
LODGED
RECEIVED

JUL 09 2009

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| Deborah Giles<br>Po Box 31<br>Black Diamond<br>Enumclaw, WA 98022<br><br>Plaintiff,<br><br>v.<br><br>Merchant's Credit Corporation<br>c/o David W. Quigley, registered agent<br>2245 152nd Ave. NE<br>Redmond, WA 98008<br><br>Defendant. | Case No.<br><br>Judge: **C09 0951 BAT**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

SEA 274490/Summons Iss.

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.



09-CV-00951-CMP

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around September 2008, Defendant telephoned Plaintiff.

10. During this communication, Defendant represented to Plaintiff that, unless Plaintiff arranged to pay the debt, Defendant would take legal action against Plaintiff.

11. On or around September 24, 2008, Defendant telephoned Plaintiff.

12. During this communication, Plaintiff notified Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

13. During this communication, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would file a lawsuit against Plaintiff.

14. Despite having notice of Plaintiff's representation, Defendant telephoned Plaintiff several more times.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e by indicating that undetermined fees and costs would be collected.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *Lawrence Lofgren*
Lawrence S. Lofgren(Bar No. 34358)
600 Stewart St, Ste 724
Seattle, WA 98101
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: llo@legalhelpers.com
*Attorney for Plaintiff*